UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH MISOURIA, <br><br> Plaintiff, <br><br> v. <br><br> GINA M. RAIMONDO, <br><br> Defendant. | Civil Action No. 22-1836 (TSC) |

### MEMORANDUM OPINION

Plaintiff Deborah Misouria sued Gina Raimondo, the Secretary of the Department of Commerce, under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), alleging gender, race, and age discrimination as well as retaliation. Defendant moved to dismiss, arguing that Plaintiff failed to exhaust her claims and failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

Having considered the record and the parties' briefs, the court will GRANT Defendant's motion and dismiss the case without prejudice because Plaintiff has failed to allege facts allowing a plausible inference that she exhausted her claims.

### I.  BACKGROUND

Plaintiff is a Black woman in her late fifties who served as an International Trade Specialist with the Office of Trade Promotions Program within the U.S. Department of Commerce. Compl., ECF No. 1 ¶¶ 2, 8–9. In July 2017, she was eligible to receive a step promotion to GS-13, but alleges she was denied the promotion repeatedly for unjustified reasons. *Id.* ¶¶ 24–25. Plaintiff contends that Black employees had to perform additional duties compared to White employees to receive their promotions, including training White employees, covering

White employees' duties when they fell behind, taking on IT tasks, taking care of the electronic and paper filing system, and creating, monitoring, and assisting employees with disabilities. *Id.* ¶ 34.

Plaintiff also alleges that she was "singled out" and "spoken down to in meetings" by a supervisor, who rewarded her non–Black colleagues for speaking negatively about her. *Id.* ¶¶ 28–29. In addition, on around December 3, 2018, she was improperly charged with being Absent Without Leave ("AWOL"). *Id.* ¶ 30.

On May 25, 2019, Plaintiff initiated a complaint with the Office of Civil Rights ("EEO Charge"). *Id.* ¶ 35. Her EEO Charge alleged, among other things, that she was wrongfully denied a promotion; scolded, belittled, and spoken down to by her supervisor; and that her non–Black colleagues were rewarded for speaking negatively about her. Notice of Final Order, ECF No. 7-2 at 2–3.

Plaintiff claims that in June 2019 she was accused of having unauthorized access to another employee's computer, but Human Resources confirmed that the allegations were unfounded. Compl. ¶¶ 36–37. And on September 17, 2019, Plaintiff learned that her supervisor filed a misconduct charge against her that falsely accused her of misusing government property, stealing her coworker's government identification card, stealing her coworker's password, stealing a document from her coworker's government email, and illegally accessing and writing inappropriate comments on her coworker's weblog. *Id.* ¶ 38.

Plaintiff accordingly amended her EEO Charge for the first time on November 6, 2019, to include these additional events. *Id.* ¶¶ 5, 39; *see* Notice of Final Order at 3. In November 2020, Plaintiff received a letter of reprimand accusing her of issuing an unclear request for additional training courses, not being a "team player," being a "trouble maker," and "stirring the pot."

Compl. ¶ 40. She therefore amended her EEO Charge again on March 22, 2021, to include a retaliation charge arising from the letter of reprimand. *Id.*; *see* Notice of Final Order at 3–4.

On April 1, 2022, Plaintiff received a right to sue letter from the Equal Opportunity Employment Commission. Compl. ¶ 41; Notice of Final Order at 1. Accordingly, Plaintiff instituted this action against Defendant on June 27, 2022, asserting gender discrimination, race discrimination, age discrimination, and retaliation claims under Title VII and the ADEA. Compl. ¶¶ 42–84. Defendant moved to dismiss, ECF No. 7, arguing that Plaintiff failed to exhaust her claims; failed to plead a nexus with a protected class; based some of her claims on events that are not actionable under Title VII; and failed to plead a hostile work environment. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 7-1 ("Motion").

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In deciding a motion to dismiss, the court presumes the truth of the factual allegations in the complaint and affords the plaintiff "every favorable inference that may be drawn from the allegations of fact." *Laughlin v. Holder*, 923 F. Supp. 2d 204, 208–09 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The court does not, however, "accept as true 'a legal conclusion couched as a factual allegation,' nor inferences that are unsupported by the facts set out in the complaint." *Id.* at 209 (citation omitted).

### III.     ANALYSIS

To bring a civil action under Title VII, an aggrieved party must first "timely exhaust . . . administrative remedies." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  To exhaust administrative remedies, "[a]n aggrieved person must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1).  This exhaustion requirement is "akin to a statute of limitations." *Stewart v. Ashcroft*, 352 F.3d 422, 425 (D.C. Cir. 2003).  Thus, although exhaustion is not a "jurisdictional bar," the court "must still address" it at the outset.  *Id.*

Plaintiff's claims involve discrete acts of discrimination as well as a hostile work environment.  *See* Compl. ¶¶ 45, 54, 61–62, 70, 77–78.  The court will address each in turn.

### A.     Discrete Acts of Discrimination

#### 1.     *Exhausting discrete acts and corresponding retaliation claims*

Where an employee alleges discrete discriminatory acts, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  In other words, only discrete acts that occurred within 45 days of when the plaintiff contacted an EEO Counselor are exhausted.  *See id.*  "Discrete discriminatory acts are not actionable if time barred."  *Id.*  And the continuing violations doctrine—a principle of equitable tolling that allows a court to find a claim was brought timely "so long as one act falls within the charge filing period"—does not apply to discrete acts claims.  *Id.* at 114; *contra* Mem. in Opp'n to Mot. to Dismiss, ECF No. 10 at 10 ("Opp'n") (citing pre–*Morgan* cases).

Moreover, "[t]o administratively exhaust [a] retaliation claim," the plaintiff must "timely provide the [agency] with 'sufficient information to enable the agency to investigate the claims.'"  *Coleman v. Duke*, 867 F.3d 204, 210 (D.C. Cir. 2017) (citation omitted).  Citing district court cases and out-of-circuit cases, Plaintiff argues that she need not "timely exhaust her

administrative remedies" for retaliation claims if the claims arise "after she made her initial contact" with the EEOC. Opp'n at 8–9. First, Plaintiff cites a case from this district indicating that retaliation claims do not need to be exhausted at all. *Turner v. District of Columbia*, 383 F. Supp. 2d 157, 178 (D.D.C. 2005) (citing *Baker v. Libr. of Cong.*, 260 F. Supp. 2d 59, 66 n.4 (D.D.C. 2003)). But this theory is contradicted by binding D.C. Circuit precedent decided after the cases upon which Plaintiff relies. *E.g.*, *Coleman*, 867 F.3d at 210.

Second, prior to *Morgan*, the D.C. Circuit had held that acts "like or reasonably related to" the exhausted claim may be considered even if they were not exhausted. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). The D.C. Circuit has left open the question whether this "like or reasonably related" doctrine survives *Morgan*. *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010); *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 n.1 (D.C. Cir. 2019). If it does, then retaliation claims "like or reasonably related" to an underlying exhausted discrimination claim need not be separately exhausted. But the "majority holding in this district," *Burford v. Yellen*, 246 F. Supp. 3d 161, 179 (D.D.C. 2017), is that the "like or reasonably related to" doctrine does not survive *Morgan* because "[i]ndividual acts of retaliation that form the basis of retaliation claims are also included within the Supreme Court's list of discrete discriminatory acts, and therefore any claim stemming from those acts must be administratively exhausted," *Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 138 (D.D.C. 2004); *accord, e.g.*, *Bartlette v. Hyatt Regency*, 208 F. Supp. 3d 311, 325 (D.D.C. 2016); *Hargrove v. AARP*, 205 F. Supp. 3d 96, 118–19 (D.D.C. 2016); *Terveer v. Billington*, 34 F. Supp. 3d 100, 112–13 (D.D.C. 2014). The court finds these holdings persuasive. Accordingly, Plaintiff must exhaust her retaliation claims.

### 2. *Plaintiff failed to exhaust her discrete acts claims*

Plaintiff first brought her EEO Charge on May 25, 2019. Compl. ¶ 35. Thus, only acts of discrimination raised in that initial EEO Charge that occurred on or after April 10, 2019, are exhausted. Consequently, Plaintiff's claim that she was improperly charged with being AWOL on December 3, 2018, was not exhausted because it was not included in her EEO Charge and, even if it had been, it did not occur within 45 days of the filing of the Charge and would have therefore been untimely. *See id.* ¶ 30; Notice of Final Order at 2–4.

In addition, Plaintiff's allegations that she was repeatedly denied a promotion "[b]etween 2017 and 2019," Compl. ¶ 25, and that she was held to a higher standard for promotion than her non–Black colleagues, *id.* ¶ 34, were not exhausted on the face of the Complaint, which does not allege any facts indicating these events occurred between April 10, 2019, and May 25, 2019. She does claim that she discussed the denial of her promotion with her supervisor on April 25, 2019, *id.* ¶ 31, but does not allege that this incident was included in her EEO Charge,[1] nor is it mentioned as part of the EEO Charge in the Notice of Final Order.

The retaliatory conduct included in Plaintiff's amendments to her EEO Charge are also untimely. First, Plaintiff amended her EEO Charge to include a misconduct charge issued against her on September 17, 2019. *Id.* ¶¶ 38–39. That amendment would have been timely if it was made on or before November 1, 2019, but it was not made until November 6, 2019. *See id.* ¶ 5. Second, Plaintiff amended her EEO Charge in March 2021 to include a reprimand from November 2020. *Id.* ¶ 40. That amendment was untimely because it was made approximately four months after she received the reprimand.

---

[1] The EEO Charge is not in the record. The court therefore relies on the characterizations of the EEO Charge in the Complaint and the Notice of Final Order.

B.  **Hostile Work Environment**

When a plaintiff pleads a hostile work environment, the claim is exhausted if any "act contributing to the claim" occurred within 45 days of the plaintiff's EEO Charge.  *Morgan*, 536 U.S. at 117.  Here, Plaintiff alleges that she was "subjected to a hostile work environment" by her non–Black colleagues and was "subjected to hostile treatment and criticism" by her supervisor.  Compl. ¶ 45.  She also incorporates these allegations in one of her retaliation claims.  *Id.* ¶ 61.  But again, Plaintiff does not specifically allege when any act contributing to these hostile work environment claims occurred—let alone that at least one act occurred between April 10, 2019, and May 25, 2019.  Plaintiff further alleges that the "adverse actions and disparate treatment that occurred on or about April 25, 2019" are the basis for her age retaliation claim.  *Id.* ¶ 76.  But she does not plead any facts that would allow the court to infer that she exhausted this instance of discrimination.

IV.  **CONCLUSION**

For the foregoing reasons, the court will GRANT Defendant's Motion to Dismiss, ECF No. 7, and dismiss the case without prejudice.  An Order will accompany this Memorandum Opinion.

Date: February 26, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge